[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11918

_____

D.C. Docket No. 9:10-cr-80046-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVEL EBANKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

---

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

Marvel Ebanks appeals her convictions for aiding and assisting in the filing of fraudulent income tax returns in violation of 26 U.S.C. § 7206(2). Ebanks argues that by granting the government's motion to include a jury instruction on aiding and abetting, the district court constructively amended the indictment by broadening the possible grounds for conviction.[1]

Having the benefit of oral argument and having reviewed the record and the entirety of the jury instructions, we find that the aiding and abetting instruction did not "so modify the elements of the offense charged that [Ebanks] may have been convicted on a ground not alleged by the grand jury's indictment." United States v. Williams, 527 F.3d 1235, 1246 (11th Cir. 2008) (internal quotation marks omitted).  The district court gave the correct instruction detailing the elements of the offense charged and the evidence supported the jury's determination that the government established each of these elements beyond a reasonable doubt.

**AFFIRMED.**

---

[1] We reject the government's contention that because she only raised a general objection to this instruction, we should review Ebanks's argument for plain error.  Ebanks explained that the instruction confuses the jury which raised the core concern of the constructive amendment doctrine, which is that the jury will convict the defendant on grounds not alleged in the indictment.  Moreover, the back-and-forth between the district court and the government covered the arguments that are pertinent to an analysis of the constructive amendment doctrine.  Thus, we find that Ebanks properly preserved a constructive amendment objection, which the district court had the opportunity to properly address.